# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| OFFIT KURMAN, P.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MARK LILLARD, IMC OF DELAWARE, LLC, FAIN AUTO SALES, LLC; CORDOVA AUTO GROUP, LLC, LILLARD LAND HOLDING, LLC, and SHIPPUDEN TRANSPORT, LLC, | ) ) ) ) ) ) ) | C.A. No. N25C-03-120 CLS |
| | ) | |
| Defendants. | ) | |

Date Submitted: June 4, 2025
Date Decided: September 15, 2025

## **ORDER**

Having considered Plaintiff Offit Kurman's Complaint,[1] Defendant Mark Lillard's Motion for Sanctions and Motion to Dismiss,[2] and Kurman's response to that motion,[3] it appears to the Court that:

1. On March 10, 2025, Plaintiff filed a complaint asserting breach of contract and quasi-contract claims against Defendant, a former client, for unpaid legal fees.[4]

---

[1] *See* D.I. 1 ("Compl.").
[2] *See* D.I. 15 ("MTD").
[3] *See* D.I. 16 ("Resp. to MTD").
[4] *See generally* Compl.

2. Defendant then filed a response comprised of both a motion for sanctions under Superior Court Civil Rule 11, arguing that Plaintiff asserted factual allegations lacking evidentiary support, and a motion to dismiss for failure to state a claim, "improper joinder," and "lack of contractual privity."[5]

3. Plaintiff and Defendant have another matter pending before the Court. On October 3, 2024, Defendant filed a complaint against Plaintiff for legal malpractice, breach of fiduciary duty, breach of contract, and negligent supervision.[6] Both parties have conceded that the matters are related.[7]

4. The Court has concerns on why these cases must proceed separately. Under Superior Court Civil Rule 42(a), the Court has discretion to consolidate "actions involving a common question of law or fact [that] are pending before the Court."

5. Accordingly, within two weeks, Counsel for Plaintiff and Defendant shall explain, in writing, why this action should not be consolidated with the other action pending before the Court.

**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*

**Judge Calvin L. Scott, Jr.**

---

[5] MTD at 8, 17.
[6] Complaint at 26–64, Lillard v. Kurman, N24C-10-001 DJB (Del. Super. Oct. 3, 2024).
[7] MTD at 5; Resp. to MTD at 1.